IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| HERBERT LEE BELL, III | ) | C/A No. 4:07-04115-RBH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| WARDEN OF LEE CORRECTIONAL INSTITUTION, | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Herbert Lee Bell ("petitioner/Bell"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [1] on December 27, 2007. Respondent filed a motion for summary judgment on March 26, 2008, along with supporting memorandum. The undersigned issued an order filed February 25, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a document entitled Motion for Summary Judgment on March 26, 2008, which appears to be a response to respondent's motion for summary judgment. Further, petitioner filed a document entitled "Motion to Vacate the States Case with Prejudice" on June 4, 2008. (Documents # 13 and #18).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## **PROCEDURAL HISTORY**

Petitioner is presently confined in the Lee Correctional Institution of the S.C. Department of Corrections (SCDC) pursuant to commitment orders from the Sumter County Clerk of Court. Petitioner was indicted by the Sumter County Grand Jury during the February 2004 term of the Sumter County Court of General Sessions for trafficking in crack cocaine in an amount greater than 200 grams but less than 400 grams. (04-GS-43-180). Charles T. Brooks, III, Esquire, represented him on these charges.

On March 7-8, 2006, petitioner received a jury trial *in abstentia* before the Honorable Clifton Newman. The jury convicted him of the charged offense and Judge Newman entered a sealed sentence. On June 7, 2006, the Honorable Steven H. John held a sentencing proceeding. The previously sealed sentence was unsealed and petitioner was sentenced, in accordance with the earlier sentence, to twenty-five years imprisonment and a $100,000.00

Petitioner timely filed a notice of appeal. Assistant Appellate Defender Lanelle C. Durant represented him on direct appeal before the South Carolina Court of Appeals.

In the memorandum in support of the motion for summary judgment, respondent asserted that the direct appeal was currently pending at that time. Petitioner has now provided this court with a copy of the decision from the South Carolina Court of Appeals filed May 7, 2008, in which the court affirmed the order of the circuit court. (See document #18-3).

Petitioner also has a pending a state PCR application filed on November 9, 2006, raising the following allegations:

1.     Ineffective assistance of trial counsel; and

2.     Violation of Due Process

2

Assistance Attorney General Lance Boozer represents the state in the PCR. Respondent asserts that the PCR court has not ruled on the allegations raised by petitioner as the Court of Appeals had jurisdiction until a decision on the direct appeal was reached.

## HABEAS ALLEGATIONS

In his habeas petition, petitioner raises the following allegation, quoted verbatim:

Ground One:   Six Amendment violation Ineffective Counsel.

Supporting Facts:   Charles T. Brooks, III did not file any pre-trial motions to dismiss this case "with prejudice" on the grounds that Law Enforcement violated my fourth and fourteenth Amendments when they didn't have probable cause to arrest me or restrained me from my freedom of liberty. Also after the U.S. court dismissed this case with-out prejudice file a motion with prejudice to stop the Double Jeopardy. Showing what the state had used the probable cause to entrap me to the case was suppressed.

(Petition).

## SUMMARY JUDGMENT

On February 22, 2008, the respondent filed a return and memorandum of law in support of their motion for summary judgment.

A federal court must liberally construe pleadings filed by *pro se* litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services,

3

901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

      The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## EXHAUSTION

Respondent argues that this case should be dismissed without prejudice in that petitioner has not yet exhausted state court remedies with respect to any issues raised in state PCR as required by 2254 (B)(1)(A), and Rose v. Lundy, 455 U.S. 509 (1982).

4

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C.§ 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is either an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCAR 207 and Blakeley v. Rabon, 266 S.C. 68,221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann.§17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina Courts. A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. Rose 455 U.S. at 515.

6

## ANALYSIS

Based on the evidence before this Court, petitioner still has an application for PCR pending in the state courts. Therefore, petitioner's claims have not been fully exhausted in state court and are currently pending in the circuit court for the State of South Carolina. A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

A review of petitioner's habeas petition reveals that he raises the allegations of ineffective assistance of trial counsel which are the allegations pending in his current PCR case in state court. Because of petitioner's unexhausted claims, the undersigned recommends that the petition be dismissed without prejudice as the petitioner has a pending state PCR case, and this court should not keep this habeas petition on its docket while the petitioner is exhausting his state court remedies. Rose v Lundy, 455 U.S. 509 (1982).

## CONCLUSION

For the reasons set forth above, the undersigned recommends that the Petition for Writ of Habeas Corpus be dismissed without prejudice as the allegations have not been exhausted in the state courts.

It is FURTHER RECOMMENDED that any other outstanding motions be DENIED.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 17, 2008
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

7